UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORY BRADLEY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:12-CV-245-SNLJ |
| UNITED STATES OF AMERICA, et al., | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of Cory Bradley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] and motion for leave to proceed in forma pauperis [Doc. #2]. Petitioner is an inmate at the Forrest City Medium Federal Correctional Institution in Arkansas. Upon consideration of petitioner's financial information, the Court finds that he is financially unable to pay any portion of the filing fee. Therefore, the Court will grant petitioner leave to proceed in forma pauperis.

### Background

On March 15, 2006, a jury convicted petitioner of one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced on June 16, 2006, to 94 months' imprisonment and 2 years of supervised release.

The United States Court of Appeals for the Eighth Circuit affirmed the judgment on January 11, 2007, and the mandate issued on February 20, 2007.

In the instant § 2241 action, petitioner is seeking relief from his conviction and sentence on the grounds of ineffective assistance of counsel and improper application of the Sentencing Guidelines. In addition, he argues that his conviction and sentence are invalid under the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005)(application of federal Sentencing Guideline provisions mandating that district court impose sentence based on findings of additional facts determined by using preponderance of evidence standard violated the Sixth Amendment).

## Discussion

A challenge to a federal conviction or sentence is most appropriately brought as a motion under 28 U.S.C. § 2255. <u>See</u> <u>United States v. Hayman</u>, 342 U.S. 205, 217 (1952). The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that the remedy by means of filing a § 2255 motion is inadequate or ineffective. <u>See</u> <u>United States v. Lurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000). The Court notes that a § 2255 motion is not inadequate merely because "petitioner has allowed the one year statute of limitations and/or grace period to expire." <u>Id.</u>   In the instant

petition, there is no indication, nor does petitioner claim, that his remedy under § 2255 is inadequate. As such, the Court will dismiss petitioner's § 2241 action, without prejudice, and will instruct the Clerk of Court to send him a form for filing an action under 28 U.S.C. § 2255.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that no order to show cause shall issue as to respondent.

**IT IS FURTHER ORDERED** that the Clerk shall send petitioner a court form for filing an action under 28 U.S.C. § 2255.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 13th Day of March, 2012.

                                          UNITED STATES DISTRICT JUDGE